IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLINT GURLEY,

    Plaintiff,

v.

    Case No. 3:24-CV-00650-NJR

RAFTAR TRANSPORT, INC., and
ARMINDER SINGH,

    Defendants.

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

In this personal injury action, Plaintiff Clint Gurley alleges he was injured when Defendant Raftar Transport, Inc.'s freight liner, which was driven by Defendant Arminder Singh, collided with his trailer while he was sleeping in it. (Doc. 1). Gurley advances two counts of negligence, one against each defendant, seeking to recover his actual damages, including, as relevant here, lost wages. (*Id.*). Now pending before the Court is a motion to compel answers to an interrogatory ("Interrogatory No. 7") and the production of documents in response a request for production ("RFP No. 10") filed by Defendants. (Doc. 35).

"District courts have broad discretion in discovery-related matters." *Equal Emp. Opportunity Comm'n v. Wal-Mart Stores E., L.P.*, 46 F.4th 587, 601 (7th Cir. 2022). Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense," and public policy favors disclosure of relevant materials. *Nucap Indus. Inc. v. Robert Bosch LLC*, No. 15 CV

2207, 2017 WL 6059770, at *1 (N.D. Ill. Dec. 7, 2017) (quoting *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Rayome v. Abt Elecs.*, No. 21 C 2639, 2024 WL 4119139 (N.D. Ill. Sept. 9, 2024) (quoting *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004)). But the scope of discovery also has its limits. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Courts "must limit the frequency or extent of discovery" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED R. CIV. P. 26(b)(2)(C). With these standards in mind, the Court turns to the discovery requests in dispute.

**Interrogatory No. 7.** Plaintiff has supplemented his response to Interrogatory No. 7 and believes that the dispute concerning it is now moot. *See* Pl. Resp. to Def's. Mot. to Compel (Doc. 39, pp. 2, 9). Defendant has not taken a position as to Plaintiff's mootness argument. Based on a review of Plaintiff's supplemental response to Interrogatory No. 7, however, the Court agrees that the issue is moot. Interrogatory No. 7 seeks information regarding Plaintiff's lost wage claim in three parts: (a) the name and address of Plaintiff's employer at the time of the accident, Plaintiff's compensation, and the name of his supervisor; (b) the dates on which Plaintiff was unable to work; and (c) the amount of his wage and/or income loss. Plaintiff's supplemental response provides this information in full. (*Id.*, p. 9). Accordingly, the issue is moot.

**RFP No. 10.** RFP No. 10 seeks "[c]opies of [Plaintiff's] federal income tax returns

for the years 2019 through and including 2023, as well as required authorization for the release of said returns." (Doc. 35, p. 11). Defendants contend that Plaintiff's tax returns are "highly relevant," although this argument is not developed further. The Court assumes that Defendants consider Plaintiff's tax returns relevant because he seeks to recover his lost wages. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 75 (7th Cir. 1992) (plaintiff's tax returns relevant where he "put the level and sources of his income at issue"). Plaintiff, for his part, opposes the production of his tax returns because he files his taxes jointly with his wife, who is not a party to this lawsuit. Thus, he argues, she has not subjected herself to searching discovery under Rule 26. Moreover, because Plaintiff has provided the information that Defendants seek through other means, he argues that his and his wife's joint tax returns should remain private.

      As a general matter, "[t]ax returns in the hands of a taxpayer are not privileged." *Id.* at 74. This does not mean, however, that production is automatic. *Id.* at 75. Indeed, although there is no "presumption against disclosure" of one's tax returns, the Seventh Circuit has endorsed the district courts' discretion to order production *as appropriate* and to consider whether there exists a "reasonable alternative source for the information requested." *Id.*; *see also Johnson v. Soo Line R.R. Co.*, No. 17 C 7828, 2019 WL 4037963, at *2 (N.D. Ill. Aug 27, 2019) (under *Poulos*, district courts have "discretion to determine whether tax returns fall within the bounds of permissible discovery in individual cases."). Here, the presence of Plaintiff's wife's private information on his tax returns adds a unique privacy interest to the analysis because she is not a party to the case. Her inclusion on Plaintiff's tax returns, while not dispositive, weighs against the forced production of

such documents.

More importantly, however, Plaintiff produced his trucking company's tax returns from 2021 through 2024, which ostensibly reported his personal income during those years. These documents were produced on April 24, 2025, before Defendants filed their motion to compel. Defendants have not explained how these documents fail to provide the information they need relating to Plaintiff's lost wages claim. This gives the Court further pause because it is disinclined to order the production of documents containing sensitive personal information, where the information that the requesting party seeks has already been produced elsewhere in discovery. *See Tipsword v. I.F.D.A. Srvs., Inc.*, No. 09–390, 2011 WL 2013782, at *2 (S.D. Ill. May 23, 2011) (denying motion to compel production of income tax returns where relevant information was available through other means).

Finally, Defendants have not developed a legal argument to support an order compelling the production of Plaintiff's tax returns. Their motion states in conclusory fashion that Plaintiff's tax returns are "highly relevant" to the case. That is the extent of their argument, which also does not cite any legal authority supporting their position. The perfunctory nature of this argument warrants its rejection. *See Schaefer v. Univ. Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."). Thus, Defendants have offered no persuasive reason for the Court order the production of Plaintiff's tax returns, which would have the incidental effect of revealing highly sensitive information concerning a non-party to the case.

For these reasons, the Motion to Compel filed by Defendants Raftar Transport, Inc.

and Arminder Singh (Doc. 35) is **DENIED** insofar as it seeks Plaintiff's tax returns. The Motion to Compel is **DENIED as moot** insofar as it seeks information responsive to Interrogatory No. 7.

**IT IS SO ORDERED.**

DATED:  September 2, 2025

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**